COTTER, Respondent, vs. JOINT SCHOOL DISTRICT No. 3 OF THE VILLAGE OF PLUM CITY AND THE TOWN OF UNION IN PIERCE COUNTY, WISCONSIN, and others, Appellants.

*May 2—October 3, 1916.*

*Schools and school districts: Borrowing money: Statute construed: "Erection" of building: "Remodeling:" Validity of resolution of electors: Omission supplied by statute: Surplusage: Rate of interest.*

1. Sec. 475, Stats. 1915,—providing that any school district may, by vote of the electors, authorize the borrowing of money for the purpose of aiding in the erection or purchasing of a schoolhouse,—should be liberally construed to effectuate its purpose.

2. The borrowing of $12,000 "for the purpose of remodeling" a school-house "and erecting an addition thereto" was for the purpose of aiding in the "erection" thereof, within the meaning of sec. 475.

3. Where the electors of a school district adopted a resolution authorizing the district board to apply for a loan from the state trust funds or some other source, the failure to specify therein the manner of payment, as required by sec. 475, Stats. 1915, did not invalidate the resolution, such omission being supplied by secs. 258a—1 and 261, so as to leave no uncertainty.

4. The words "or some other source," in such resolution, may be treated as surplusage.

5. Such a resolution was not invalidated by the fact that it provided for an interest rate of four and one-half per cent., while the statute provides for only four per cent. on trust funds, since the lower rate is advantageous to the district.

APPEAL from an order of the circuit court for Pierce county: GEORGE THOMPSON, Circuit Judge. *Reversed.*

Action by a taxpayer to enjoin a school district having an assessed valuation of $257,887 from making a loan of $12,000 pursuant to certain resolutions passed by the electors thereof. The statute under which the loan was sought to be made is sec. 475, Stats. 1915. So much thereof as is material to the questions raised by the appeal reads:

"For the purpose of aiding in the erection or purchasing of a schoolhouse any school district, whether organized under general law, special law or charter, may, by vote of the electors at any annual or special meeting, called for that purpose authorize the district board, school board or board of education to borrow money, to an amount which shall not in any way exceed the limitations now provided by general law. The resolution to be voted upon shall be in writing, specifying the amount to be borrowed, the rate of interest, and the time and manner of payment, which shall be in annual instalments, or otherwise, the last of which shall be payable in not exceeding fifteen years from the first day of February next ensuing."

The resolutions adopted by the electors of the school district were as follows:

"Resolved, that the school district board be and it is here-

by authorized to make application for a loan of twelve thousand dollars from the state trust funds, or some other source, payable in fifteen years, with interest at the rate of four and one-half per cent. per annum payable annually, for the purpose of remodeling the present school building and erecting an addition thereto."

"Resolved, that a sum sufficient to pay the interest and principal of the loan as it becomes due be and the same is hereby levied upon the taxable property of the district."

The complaint stated the proceedings had by the electors, together with other proper allegations, and the defendants demurred thereto on the ground that it failed to state a cause of action. From an order overruling the demurrer the defendants appealed.

*Charles A. Ingram,* for the appellants.

*John E. Foley,* for the respondent.

The following opinion was filed May 23, 1916:

VINJE, J. The plaintiff contends that these resolutions are insufficient to authorize any loan because (1) the statute does not authorize a loan for the purpose stated in the first resolution; (2) the resolution does not specify the time of payment; and (3) it does not specify the manner of payment, whether in annual instalments or otherwise.

It is urged that since the statute permits a loan only for the purpose of aiding in the erection or purchase of a schoolhouse, money cannot be borrowed for the purpose of remodeling a schoolhouse and building an addition thereto; that the remodeling of a building is not equivalent to an erection thereof. We think such a construction is too narrow. The statute was intended to enable school districts that did not have adequate schoolhouses to obtain them by purchase or erection, and it should receive a liberal construction to effectuate that purpose. The remodeling of a building is more than repairing it or making minor changes therein. The ordinary significance of the term imports a change in the re-

modeled building practically equivalent to a new one. When it is supplemented by the building of an addition thereto the whole operation may properly be held to come within the purview of the statute. The inclusion of an old structure into a practically new one does not take the process out of the meaning of the term "erection," used in a broad sense. Especially is that so when the sum of $12,000 is deemed necessary to effect the change and build the addition. This amount itself implies in this case a radical reconstruction of the building or the construction of a substantial addition thereto. In either case the money is to be used in the erection of a school building within the broad meaning of the term.

The objection that the resolution does not specify the manner of payment is technically correct. Sec. 475 requires the time and manner of payment to be stated. But the omission in the resolution is supplied by sec. 258a—1 and sec. 261, Stats. 1915. The former provides for annual instalments of principal and interest on all loans from trust funds to be payable on the first day of February of each year, and the latter limits the length of loans to school districts to fifteen years. The district voted the loan, and hence if it can lawfully be made from any available source its validity should be upheld. Construing it as a loan from the state trust funds we have this situation: The resolution does not comply with the strict requirements of the statute in that it does not specify the manner of payment, but, as pointed out, this omission is supplied by the statute. Having specified in the resolution that the time of payment should be fifteen years, the statute steps in and says the loan must be repaid in fifteen annual instalments, payable, with interest, on the first day of February of each year. The clause "or some other source," found in the resolution, may be treated as surplusage.

It was held in *Burgess v. Dane Co.* 148 Wis. 427, 134 N. W. 841, that the resolutions of minor deliberative bodies should receive a liberal construction to effectuate their evident

intent. Much more so should such a rule be applied to the resolutions of a district school meeting. The school code of 1911 provides for resolutions substantially as passed by the district, and that probably accounts for the forms used. The evident intent was to make a loan of $12,000. That was the substance of the matter voted upon. The electors having passed upon the substantial things, namely, that the loan of $12,000 should be made and should be repaid within fifteen years, the statute fixed the other terms of the loan. The failure of the resolution to state the manner of payment was an omission which the statute supplied, and the maxim "that is certain which may be rendered certain" applies. The circuit court, therefore, erred in holding that the proceedings did not authorize a loan from the state trust funds.

The fact that the resolution provides for an interest rate of four and one-half per cent. and the statute for only four per cent. on state trust funds does not invalidate it, for a lower rate is advantageous to the district.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order sustaining the demurrer to the complaint.

ESCHWEILER, J., took no part.

A motion for a rehearing was denied, with $25 costs, on October 3, 1916.