J. W. BEAUCHAMP, Appellant, v. CONSOLIDATED SCHOOL DISTRICT NUMBER 4 OF LIVINGSTON COUNTY et al.

In Banc, February 2, 1923.

1. **SCHOOL DISTRICT: Bonds: Remodeling Schoolhouse.** The statute (Sec. 11127, R. S. 1919) authorizing a consolidated school district to vote bonds "for the purpose of erecting schoolhouses, and building additions to and repairing old buildings" is authority to vote bonds for the purpose of remodeling the schoolhouse. One meaning of the word "remodel" is "to re-construct."

2. ———: ———: **Submission of Proposition.** The record of the board of the consolidated school district at a meeting held on March

16th, showing an order to "submit to the qualified voters" of the district "a proposition to authorize the school board to issue bonds" in a named amount "for the purpose of repairing, remodeling and equipping the school building" in the district, and, in the same connection, the appointment of election judges "for the. coming election to be held on April 4th," which was the date of the next annual school election, and directing the clerk to order a designated number of ballots, and providing by the same order that a maintenance tax be put in the notices, sufficiently shows that the proposition to vote the bonds was submitted. Besides, no technical construction of such orders should be indulged.

3. ———: ———: **Place of Election.** Notices that "the annual school meeting of said district will be held at the voting room in Avalon" sufficiently designated the place for holding the election to vote bonds, where the village named was a small one, and the "voting room" was known to all, had been used for years for the elections in the district, annual and all others, and there is no evidence that any voter was deceived or misled as to the place.

4. ———: ———: **Legal Meeting of Board: Attended by a Majority.** A meeting of the school board of six members at which was ordered the submission of a proposition to vote bonds for the purpose of erecting a schoolhouse, which was attended by all the members, except one, who was duly notified, but was ill and therefore not present, was a legal meeting.

5. ———: ———: **Amending Record.** After the school election to vote bonds for the construction of a schoolhouse, the board of directors has authority to correct its previous record so as to make it speak the truth.

6. ———: ———: **Double Proposition.** A proposition to vote bonds "to repair the school building, to remodel the school building and to equip the school building" is neither triple nor double, but single. The purpose being to provide a schoolhouse adequate for the district's needs, its equipment was essential to its use and a necessary sequence of its construction.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*Lewis A. Chapman* and *Frank Sheetz* for appellant.

297 Mo.—5

(1)    The school district was not authorized under the law to borrow money and issue its bonds therefor to pay for "remodeling" the school building. The powers of the school district are wholly statutory, and the whole power to borrow money and issue its bonds are found in Section 11127, Revised Statutes 1919. The word "remodel" is not found in this law.    School districts are public quasi-municipal corporations.    They are municipal corporations of the most limited powers known to the law.    They are the mere agents of the State for the sole purpose administering the State system of public education, and have only such powers as are conferred on them expressly or by necessary implication.    All who deal with them are charged with notice of the scope of their authority.    24 R. C. L. pp. 564, 565; Pass School District v. Hollywood School District, 24 L. R. A. (N. S.) 485; Pasadena School District v. Pasadena, 36 Ann. Cases 1915 B, p. 1039.    (2)    The Legislature has authorized schools to borrow money and issue bonds in payment therefor for certain purposes, to-wit: for purchasing school-house sites, erecting schoolhouses and furnishing the same; building additions to or repairing old buildings.    This is the only law.    Money cannot be borrowed for only the purposes named or one or more of them, and bonds issued in payment therefor. Bonds issued by a school board for a purpose not authorized by the law are void.    The bonds proposed to be issued in this case were not authorized.    Board of Education v. Blodgett, 155 Ill. 441, 31 L. R. A. 70; School District v. St. Joseph Fire & Marine Insurance Co., 26 L. Ed. 601; Clegg v. School District, 8 Neb. 178; 5 McQuillin, Municipal Corporations, 4819.    (3)    No such word as "remodel" is found in the law authorizing the issue of bonds in payment of money borrowed.    To "remodel" a school building is not one of the purposes named for which school districts are authorized to issue its bonds.    The word "remodel" is not the same in meaning as the word "repair."    They are not synonymous.

"Repair" means that work that is done to property to keep it in good order; to restore it to a sound condition, after decay, injury, dilapidation or partial injury. The meaning of the word "remodel" is to change the form of; to fashion anew. "Repairing" and "remodeling" are neither included in the word "building." "Repair means to restore to its former condition, not to change the form or material of a building." Sec. 11127, R. S. 1919.; State ex rel. v. Railroad Co., 85 Mo. 263; 34 Cyc. 1336, 1338; Mayvill v. Rosing, 19 N. D. 98; Vol. 4, Second Series, Words and Phrases, 262; Century Dictionary, vol. 6, p. 5071; Ardes Co. Oil Co. v. Richardson, 63 Pa. 162; 3 Bouvier Law Dictionary (Rawle's 3 Rev. Ed.) 2886. (4) The evidence shows that the election was not ordered by the board of education. The proposition to borrow and issue bonds in payment therefor shall be submitted by the board of education, to the voter at either the annual meeting or a special meeting or election to be held for that purpose. The evidence shows that the board failed to order the proposition to be submitted at either the annual election or a special election, called to vote on the question of the loan. It was in the power of the school board, and no one else, to have the proposition submitted to the voters, under Sec. 11127, R. S. 1919. The law does not contemplate that the secretary shall determine the election at which the proposition for a loan shall be submitted. The board failed to submit the matter at any election, but they failed to designate the place for holding the election. The whole business was left to the secretary or clerk. While the law provides that the annual election in consolidated school districts shall be held at a place to be designated by the board, the board failed to designate the place. The board did nothing but pass the motion that the question of loan and the issue of bonds for repairing, remodeling and equipping the present school building be submitted to the voters, and neither provided for the election or the place of holding the same. Secs. 11127,

11251, R. S. 1919; Thornburg v. District, 175 Mo. 12. (5) The proposition submitted three in number as a single proposition. The three propositions were as follows, to-wit: first, repairing the school building; second, remodeling the school building, and, third, equipping the school building. This was erroneous. They should have been submitted as separate propositions and the amounts of money for each should have been separated. State ex rel. v. Gordon, 268 Mo. 321; State ex rel. v. Speer, 284 Mo. 60.

*Schmitz & Marshall* for respondent.

(1) The board in this proceeding was acting and acted under Sec. 11127, R. S. 1919. The purposes for which this money was being borrowed and these bonds issued come within the purposes named in the statute. There is no necessity that the purpose for which bonds are to be issued should be stated in exactly the same language as that used in the statute, and this cannot affect the legality of the proceedings if the purposes for which the bonds are being issued do actually come within the purposes named in the statute. (2) The words as used by laymen, boards of directors, are not to be given technical legal definitions but are to be understood in their ordinary accepted meaning. School matters are handled by laymen not versed in law or the technicalities thereof, and the school law and statutes governing school matters are designed as a workable method for carrying into effect the wishes of plain, honest, worthy citizens not specially learned in the law and no strict or technical construction is to be put upon it. State ex rel. Morrison v. Simms, 201 S. W. 910; State ex inf. v. Jones, 266 Mo. 191; State ex inf. v. Clardy, 267 Mo. 371; State ex rel. v. Job, 206 Mo. 34. (3) The provision in the order of the Board submitting the bond proposition to the voters and the designation in the notices posted by the clerks, the election was to be held "at the voting room in the

Town of Avalon," under the facts as shown by the evidence in this case, is sufficient. The statute does not require that the polling place be stated in the election notice, and if the statute does not require it an election will not be held illegal because of failure to state the polling places. Sec. 11251, R. S. 1919; O'Laughlin v. City of Kirkwood, 107 Mo. App. 302; State ex rel. v. Ross, 160 Mo. App. 682; Bauch v. City of Cabool, 165 Mo. App. 486; State ex rel. v. Phillips, 193 Mo. App. 510; State ex rel. v. Gordon, 242 Mo. 615; State ex rel. v. Hackmann, 273 Mo. 670; State ex rel. v. Hackmann, 277 Mo. 56. (4) If the statutes should be construed to require the election notice to state the polling place in an election of this kind, then the designation of the polling place as "the voting room in Avalon" would be sufficient in view of the fact that a certain hall has been used for the voting place of elections of the same kind and for all other elections for a number of years. State ex rel. Memphis v. Hackmann, 273 Mo. 670; Breuninger v. Hill, 277 Mo. 239.; State ex inf. v. Jones, 266 Mo. 191; State ex inf. v. Clardy, 267 Mo. 371; State ex rel. Morrison v. Simms, 201 S. W. 910; State ex rel. v. Job, 206 Mo. 34. (5) If three propositions were submitted as a single proposition, they were so naturally and closely related that they converge into one purpose and were not independent propositions. State ex rel. Wahl v. Speer, 284 Mo. 45. (6) The board of education can by a *nunc pro tunc* entry correct the original insufficiency of the minutes and has exclusive jurisdiction over its minutes and proceedings to make them conform to the facts. State ex rel. School District v. Hackmann, 277 Mo. 56. (7) The words "repair" and "remodel" are in common usage used as interchangeable words. "Repair" has often been defined to mean "to mend," "add to," or "make over." Farrah v. City of Keokuk, 111 Iowa, 310; Western Paving & Supply Co. v. Citizens Str. Co., 128 Ind. 525, 10 L. R. A. 770, 25 Am. St. 462.

JAMES T. BLAIR, J.—This is a suit to enjoin respondent district and its officers and directors from issuing and selling certain bonds pursuant to an election held in the district. The trial court refused to grant an injunction, and this appeal followed.

Appellant is a resident taxpaying citizen of the respondent Consolidated School District. March 16, 1922, there was a meeting of the directors of the district, which all attended, save one who was notified but could not be present. Among other things the board voted to "submit to the qualified voters of Consolidated District No. 4 a proposition to authorize the school board to issue bonds to the amount of $6000, to be payable in five years," within interest not "to exceed five per cent, for the purpose of repairing, remodeling and equipping the school building in Consolidated District No. 4, situated in the town of Avalon, Livingston County, Mo." On the following day notices were prepared and posted to the effect, among other things, "that the annual school meeting of said district will be held at the voting room in Avalon on Tuesday, the Fourth of April, 1922, and that "the following will be proposed and considered: . . . (4th) To authorize the school board to issue bonds to the amount," and thenceforward this part of the notice follows the order of the board as already quoted. The election was held, and the fourth proposition received more than two-thirds of the votes. The evidence showed, and the court must have found, that the "voting room" referred to in the notice was the room used for the election and the room used for the preceding dozen or more years for all elections—township, county, state and school—except the election at which the district was formed some eight years before, which was held in the schoolhouse as the statute required. It also appeared that the room was well known in the village of Avalon as the place at which all elections were held. It further appeared that nearly every voter voted in the election, and that those who did not

remained away because they were indifferent to the questions to be submitted. The board cast up the returns, ordered the issuance of the bonds, hired an additional teacher, and let the contract for the work on the building, which work was commenced and carried far enough to render the building useless for occupancy by the school. This suit was then commenced.

I. The purposes for which the district could vote bonds are enumerated by the statute. [Sec. 11127, R. S. 1919.] It is urged that no power is given to vote bonds for the purpose of "remodeling" the school building.

*Remodeling Building.* The statute does authorize bonds "for the purpose of . . . "erecting schoolhouses . . . and furnishing the same, and building additions to and repairing old buildings." According to the dictionaries the word "remodel" has, as the only one of its legitimate meanings which could be applicable here, the meaning "to re-construct." In fact, there is nothing included in the word in the sense in which it can be applied to existing buildings in a situation like that in this case which is not within the statutory language "erecting schoolhouses . . . and building additions to and repairing old buildings." Appellant's construction, like a similar one in an almost identical case (Cotter v. Joint School District, 164 Wis. l. c. 15), is, as the Supreme Court of Wisconsin said, "too narrow. The statute was intended to enable school districts that did not have adequate schoolhouses to obtain them by purchase or erection, and it should receive a liberal construction to effectuate that purpose. The remodeling of a building is more than repairing it or making minor changes therein. The ordinary significance of the term imports a change in the remodeled building practically equivalent to a new one. . . . The inclusion of an old structure into a practically new one does not take the process out of the meaning of the term 'erection,' used in a broad sense." The purpose

named within the order was within the statute and was sufficiently conveyed to the voters by the same language used in the notice.

II. It is contended the board should have more particularly designated the election at which the bond proposition was to be voted upon and that it designated no place for holding the election, and that submission was not ordered at a meeting of the board at all. (1) The record of the meeting of the board at which the order of submission was made shows the order itself and, in the same connection, the appointment of the election judges "for the coming election to be held April 4, 1922" and instructions to the clerk to order 500 ballots. The election was the annual school election. In the same order of the board it is provided that "a tax of 20 cents on the hundred in excess of the regular 40 cents be put in the annual notices for the purpose of maintaining the school for the coming year." No technical construction of this order should be indulged to defeat it (State ex inf. v. Jones, 266 Mo. 191; State ex inf. v. Clardy, 267 Mo. 371), and it seems clear enough that the board's purpose was to submit this proposition at the approaching annual election. (2) The place was sufficiently designated. The village named is a small one. The "voting room" mentioned was known to all; had been used for years for the elections, annual and otherwise, in the district and all other local elections, as well; and there is no evidence that any voter was deceived or misled as to the place of voting, but quite the contrary. In such circumstances it is well settled that an objection such as is here made to the notice of the place of election is without force. [State ex rel. v. Gordon, 242 Mo. l. c. 623; State ex rel. v. Allen, 178 Mo. l. c. 576; O'Laughlin v. Kirkwood, 107 Mo. App. 302; Bauch v. Cabool, 165 Mo. App. 486; State ex rel. v. Hackmann, 273 Mo. l. c. 694, 696.] (3) The evidence

*Submission.*

*Place.*

shows that the submission was ordered at a meeting of the board attended by all except Mr. Shannon, who testified that he was duly notified but was ill and, therefore, not present. No effort to contradict this was made.

Board Meeting.

III. Appellant contends that the trial court erred in admitting the board's record as amended June 21, after the election. While the amendment made did not vitally affect any question in this case, it may be said that the board had the authority to make its record speak the truth, as this court has previously held. [State ex rel. v. Hackmann, 277 Mo. l. c. 61, et seq., and cases cited.]

Amending Record.

IV. It is urged that the submission was double, or triple, and, therefore, unlawful and renders the election invalid when attacked in a suit like this. Appellant's position is that three propositions were submitted: (1) To repair the school building; (2) to remodel the school building; and (3) to equip the school building. A like question is fully considered in State ex rel. Wahl v. Speer, 284 Mo. l. c. 60 et seq. It was there held that the purchase of additional ground for a site, the erection and the equipment and furnishing of a courthouse "were, so to speak, merely three essential items of one proposition." The reasoning of that opinion is sound, and the principle announced is applicable to the case at bar. The purpose of respondent district was to provide a schoolhouse adequate for the district's needs and ready for use. The proposition was single.

Double Proposition.

V. Complaint is made that some evidence was erroneously admitted. That evidence had nothing to do with any of the questions considered in the preceding paragraphs. Its rejection merely eliminates an affirmative defense which respondents attempted to set up. It is unnecessary to decide the question since what has already been said disposes of appel-

Evidence.

lant's case, and the question whether respondents might have defeated him upon another theory, as well, is not important.

The judgment is affirmed. All concur.