92 P.2d 167

**TOM v. BOARD OF COUNTY COM'RS OF LINCOLN COUNTY.**

No. 4451.

Supreme Court of New Mexico.

June 19, 1939.

John E. Hall, of Carrizozo, for appellant.

Allan D. Walker, of Alamogordo, for appellee.

BICKLEY, Chief Justice.

The question is whether the court erred in enjoining the appellant from issuing and selling certain proposed bonds, the proceeds of which were to be used for the erection of a court house and jail for Lincoln County.

The facts alleged in appellant's complaint are as follows: More than two hundred qualified electors of the County of Lincoln signed a petition and presented the same to its Board of County Commissioners, praying that the question of issuing $20,000 in county bonds, the proceeds to be used "for the remodeling of the Lincoln County court house and jail buildings" in conjunc-

tion with federal aid, be submitted to a vote of the qualified electors of Lincoln County. The petition was acted upon favorably by the Board of County Commissioners and an election was ordered by it to be held on the 31st day of May, 1938, to determine whether the $20,000 in bonds should be issued "for the purpose of erecting, remodeling and repairing the Lincoln County court house and jail buildings." A notice that such election would be held as ordered, was duly published, in which it was stated that its purpose was to determine whether said county shall become indebted in the sum of $20,000 and issue bonds therefor, "for the purpose of erecting, remodeling and repairing the Lincon County court house and jail buildings."

A demurrer to the complaint was overruled, and the defendant (appellant) having refused to further plead, the court entered a decree enjoining the issuance and sale of the bonds, from which decree this appeal is prosecuted.

Section 10 of Art. 9 of the Constitution of New Mexico is as follows: "No county shall borrow money except for the purpose of erecting necessary public buildings * * *."

The statutory authority under which it is proposed to issue the bonds is as follows:

"That the boards of county commissioners in this state are hereby authorized and empowered to issue the bonds of such county, in any sum necessary not greater than four per cent., inclusive of all other bonded indebtedness, of the assessed value of the taxable property of said county, for the purpose of building court houses, jails and bridges." Sec. 33-3901, N.M.Sts.Ann. 1929.

"That before any bonds shall be issued under this article, the same shall be ordered by a vote of the qualified electors of such county, in the same manner hereinafter provided." Sec. 33-3903, N.M.Sts.Ann. 1929.

"Whenever a petition signed by not less than two hundred qualified electors of any county in this state shall be presented to the board of county commissioners, asking that a vote be taken on the question or proposition of building a court house, or jail, or a bridge, setting forth in general terms the object of such petition and the amount of bonds asked to be voted for, it shall be the duty of the board of county commissioners of such county to which said petition may be presented, within ten days after the presentation, to call an election to be held within thirty days thereafter in such county, and shall give notice of such election by publication for at least three consecutive weeks in any newspaper published in such county, which notices shall set forth the time and place of holding such election, the court house, jail or bridge proposed to be built, and which bonds are to be voted for * * *." Sec. 33-3904, N. M.Sts.1929, Ann.

The sole question is whether the proposed bond issue is void because the notice of election did not apprise the electorate that its purpose was to secure funds to erect or build a court house and jail.

·That the intention of the Board of County Commissioners was the erection or building of a court house and jail, within the meaning of the Constitution and statute, is evident from the stipulation of the parties. But the electorate was entitled to know this fact when voting upon the question of whether the bonds should be issued.

But the proceeds of the proposed bond issue were, according to the resolution of the Board of County Commissioners and the published notice of election, to be used for the purpose of "erecting, remodeling and repairing" an existing court house.

■ The order should have provided for, and the publication given notice of, the proposed issuance of bonds, the proceeds of which were to be used for the erection or building of a court house and jail. The Constitution prohibits either the remodeling or repairing of public buildings by the use of funds so obtained. The resolution and notice are defective and ambiguous, in that they indicate that the proceeds of the bonds will be used for erecting a court house and jail, an unauthorized use of the funds; and at the same time that they will be used for remodeling and repairing an existing court house and jail, an unauthorized use.

■ We do not mean to hold that old public buildings cannot be remodeled with funds obtained from such bond issues, if the effect is to erect a new building. Indeed it has been held, and we hold, that the remodeling of an old public building into what is in effect a new one, is the erection of a public building within constitutional provision and statute. Cotter v. Joint School Dist., 164 Wis. 13, 158 N.W. 80; Beauchamp v. Consolidated School Dist., 297 Mo. 64, 247 S.W. 1004; also Board of Com'rs of Guadalupe County v. State et al., 43 N.M. 409, 94 P.2d 515, this day decided.

·■ In obtaining funds by issuing bonds for erecting public buildings, there must be a substantial compliance with the Constitution and laws requiring notice to the interested electorate, of the purpose for which the funds are to be used, which purpose must be authorized by law, and not be within the inhibition of the Constitution; and by giving the electorate an opportunity to approve or disapprove the issuance of the bonds, at an election held for that purpose.

■ The question of whether the use of the funds, after they are obtained, is consistent with the purpose for which the bonds are issued, would arise in a different character of action, such as one to enjoin a threatened unlawful use.

The decree of the district court is affirmed.

It is so ordered.

ZINN, SADLER, and MABRY, JJ., concur.

BRICE, J., dissents.