477 P.2d 605

**BOARD OF EDUCATION OF the VILLAGE OF CIMARRON, New Mexico, and J. Leslie Davis, W. C. Littrell, William D. Hickman, Lawrence Rosso, and Eloy Sanchez, members of its governing board, Relators,**

v.

**James A. MALONEY, Attorney General of the State of New Mexico, Respondent.**

**No. 9160.**

Supreme Court of New Mexico.

Dec. 7, 1970.

Thomas A. Donnelly, Catron, Catron & Donnelly, Santa Fe, for relators.

James A. Maloney, Atty. Gen., Mark B. Thompson, III, Asst. Atty. Gen., Santa Fe, for respondent.

Kegel & McCulloh, Santa Fe, amicus curiae.

## OPINION

TACKETT, Justice.

Relators, Board of Education of the Village of Cimarron, New Mexico, filed a petition for a writ of mandamus in the Supreme Court on November 12, 1970. An alternative writ was issued, directed to the respondent James A. Maloney, Attorney General, ordering him to approve the bond transcript submitted by relators or, in the alternative, to respond to the writ. The Attorney General filed a response.

Relators, on September 29, 1970, held a special school bond election for the purpose of voting on the question of whether Cimarron Municipal School District No. 3, Colfax County, New Mexico, should create a debt by issuing its general obligation bonds in the total sum of $97,000 for the purpose of erecting, furnishing, remodeling and making additions to school buildings, and purchasing and improving school grounds in the district.

At the time of the election, relators did not maintain separate ballot boxes during the balloting, so as to segregate the votes of qualified electors of the school district, who were the owners of real estate within the district, from the votes of those qualified electors who did not own real estate within the district. This "dual ballot box procedure" was provided for by § 11-6-38, N.M.S.A., 1953 Comp. (1970 Supp.).

The vote was in favor of the issuance of the school bonds. Relators submitted a complete transcript of the bond election proceedings to respondent, seeking his certification of approval of the bond issue as to form and legality. Respondent refused to approve the legality of the bond issue, for the reason that there was no showing that a majority of the then owners of real estate within the school district had voted in favor of creating the general obligation bond debt as required by Art. IX, § 11, New Mexico Constitution, and because the election was not conducted with dual ballot boxes as provided for by § 11-6-38, supra.

The issue before us is that part of Art. IX, § 11, Constitution of New Mexico, which provides inter alia that:

"* * * only when the proposition to create the debt has been submitted to a vote of such qualified electors of the district as are owners of real estate within such school district, and a majority of those voting on the question have voted in favor of creating such debt. * * *"

The Constitutions of several states, notably Arizona, Colorado, Louisiana and

Utah, had statutes similar to our constitutional provision that only allowed "owners of real estate" to vote on the question of creating debt through the issuance of general obligation bonds.

■ The Supreme Court of the United States has considered the very same question now before this court and has declared that a provision in a state constitution, which only allows owners of real estate to vote on the question of creating a debt through the issuance of bonds, is unconstitutional as violative of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. City of Phoenix, Ariz. v. Kolodziejski, 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523 (1970); Stewart v. Parish School Board of Parish of St. Charles, 310 F.Supp. 1172 (E.D.La.1970); Pike v. School District No. 11 in El Paso County, Colorado, Colo., 474 P.2d 162 (1970); Cypert v. Washington County School District, Utah, 473 P.2d 887 (1970).

This court is totally in agreement with the statement contained in the Utah case, supra, as follows:

"Notwithstanding our emphatic disagreement with the majority in the Phoenix case [399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523], we realize that it is for the present to be recognized as the law; and that as such it renders those aspects of Section 3 of Article XIV of our State Constitution, and Sections 11–14–2 and 5, U.C.A.1953 [New Mexico Constitution Art. IX, § 11], inoperable insofar as they require that only property taxpayers [real property owners] be permitted to vote in such bond elections. We further observe that this should have no effect whatsoever in nullifying or limiting any other aspect of those provisions of the law. In other words, it is our opinion that the aspect of those provisions just referred to as having been rendered inoperable, are severable from the other aspects of the aforesaid provisions of our State Constitution and statutes, so that bond elections may be held and bonds may be issued by cities, towns, counties, school districts, or other authorized public entities at a proper election participated in by all qualified voters; and without the latter being limited to those paying property taxes [real property owners]."

In City of Phoenix v. Kolodziejski, supra, the majority opinion states:

"In view of the fact that over the years many general obligation bonds have been issued on the good faith assumption that restriction of the franchise in bond elections was not prohibited by the Federal Constitution, it would be unjustifiably disruptive to give our decision in this case full retroactive effect. We therefore adopt a rule similar to that employed with respect to the applicability of the Cipriano decision [Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969)]: our decision in this case will apply only to authorizations for general obligation bonds which are not final as of June 23, 1970, the date of this decision. In the case of States authorizing challenges to bond elections within a definite period, all elections held prior to the date of this decision will not be affected by this decision unless a challenge on the grounds sustained by this decision has been or is brought within the period specified by state law.  *  *  *"

Our applicable statute, § 77–15–10, N.M. S.A., 1953 Comp. (ch. 16, § 237, N.M.S.L. 1967), provides:

"No action concerning any question placed on the ballot at a bond election shall be maintained in the district court unless the action is filed within ten [10] days after the publication of the certificate of results of the bond election by the superintendent of schools."

■ In the instant case, the election was held after June 23, 1970, the date of the decision in Phoenix v. Kolodziejski, supra. This is the controlling date and our decision here is retrospective only as to elections held after that date, or to elections

held prior to that date which were challenged within ten days of the publication of the certificate of results, the proceedings of which were still pending on June 23, 1970.

 Mandamus is a proper remedy in the instant case. See, Taos County Board of Education v. Sedillo, 44 N.M. 300, 101 P.2d 1027 (1940); Board of Education of Gallup Municipal School District v. Robinson, 57 N.M. 445, 259 P.2d 1028 (1953); Board of Education of City of Aztec v. Hartley, 74 N.M. 469, 394 P.2d 985 (1964). In the Sedillo case, supra, the court said:

> "We think the duties of the Attorney General are ministerial and subject to control by mandamus. * * *"

We agree.

The amicus curiae brief is noted.

The alternative writ of mandamus will be made permanent.

It is so ordered.

COMPTON, C. J., and WATSON, J., concur.