**CITY OF SPENCER, Oklahoma, a municipal corporation, Plaintiff,**

v.

**Elgin RAYBURN, Mayor of the City of Spencer, Oklahoma, Defendant.**

**No. 44474.**

Supreme Court of Oklahoma.

March 30, 1971.

Hirsh, Johanning & Hudson, Oklahoma City, for plaintiff.

Smith, Smith & Cook, Oklahoma City, for defendant.

John V. Whelan, Yukon, for amicus curiae City of Mustang, Okla.

DAVISON, Vice Chief Justice.

This is an original action in this court in which the City of Spencer, Oklahoma, seeks a writ of mandamus commanding Elgin Rayburn, Mayor of the City of Spencer, to issue an election proclamation for the holding of an election on the question of the issuance of bonds of the City authorized by Art. 10, § 27, of the Oklahoma Constitution.

The facts are that the City Council of the City adopted a resolution authorizing and directing said Mayor to call a special election for the purpose of submitting to the "qualified voters" of the City the proposition of whether the City should incur indebtedness by issuing its bonds in the sum of $132,000.00, for the purpose of improving and expanding a water system, and to levy and collect an annual tax upon all taxable property to pay the principal and interest on the bonds. The Mayor refused to issue the election proclamation on the ground that the resolution called for submission of the proposition to the "qualified voters," whereas, Art. 10, § 27, specified "qualified tax paying voters" of the City.

Art. 10, § 27, of the Oklahoma Constitution provides in part as follows:

"Any incorporated city or town in this State may, by a majority of the qualified property tax paying voters of such city or town, voting at an election to be held for that purpose, be allowed to become indebted in a larger amount than that specified in section twenty-six, for the purpose of purchasing or constructing public utilities, or for repairing the same, to be owned exclusively by such city; * * *"

The City contends that the limitation in Art. 10, § 27, that the qualified voters be property taxpayers is invalid because it violates the Fourteenth Amendment to the United States Constitution.

In City of Phoenix, Arizona v. Kolodziejski, 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523 (1970), the Supreme Court of the United States was presented with the question of the validity of the Arizona constitutional provision that only otherwise qualified voters who were also real property taxpayers were permitted to vote on the proposition of issuance of general obligation bonds. The court held that the provision limiting voters to real property taxpayers was violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Art. 1, § 1, Oklahoma Constitution states that the State of Oklahoma is an inseparable part of the Federal Union, and the Constitution of the United States is the supreme law of the land.

See also Board of Education of Village of Cimarron v. Maloney, 82 N.M. 167, 477 P.2d 605, and Cypert v. Washington County School District, 24 Utah 2d 419, 473 P.2d 887, to the same effect.

In the Cypert case the court in its discussion of the Phoenix case stated and held as follows:

"* * * it renders those aspects of Section 3 of Article XIV of our State Constitution, and Sections 11–14–2 and 5, U.C.A.1953, inoperable insofar as they require that only property taxpayers be permitted to vote in such bond elections. We further observe that this should have no effect whatsoever in nullifying or limiting any other aspect of those provisions of the law. In other words, it is our opinion that the aspects of those provisions just referred to as having been rendered inoperable, are severable from the other aspects of the aforesaid provisions of our State Constitution and statutes, so that bond elections may be held and bonds may be issued by cities, towns, counties, school districts, or other authorized public entities at a proper election participated in by all qualified voters; and without the latter being limited to those paying property taxes."

The court, in the Phoenix case, said that it would not give its decision full retroactive effect, and held that its decision would apply only to authorizations for general obligation bonds which were not final as of June 23, 1970, being the date of the decision.

Title 11, O.S.1961, § 61, states that the council of any city may authorize the mayor to call a special election for the purpose of submitting to the qualified electors, the question of the issuance of the bonds of the city, and that the mayor shall thereupon issue a proclamation calling such election.

We have held that where it clearly appears that an executive officer refuses to perform an official duty, or so misconceives his official power or duty that the purpose of the law will be defeated, mandamus will lie to compel him to act. Ballard v. Christian, Okl., 451 P.2d 943.

It is our conclusion that under these authorities the contention of the City is correct and that it is entitled to the writ of mandamus.

Writ granted.

BERRY, C. J., and WILLIAMS, BLACKBIRD, JACKSON, HODGES, LAVENDER and McINERNEY, JJ., concur.