ELK CITY, Oklahoma, a municipal corporation, Plaintiff,

v.

Tom R. JOHNSON, Mayor of Elk City, Oklahoma, Defendant.

No. 48497.

Supreme Court of Oklahoma.

July 1, 1975.

Fagin, Brown, Bush, Selvidge & Tinney by Gary M. Bush, Oklahoma City, for plaintiff.

David A. Kroll, Oklahoma City, for defendant.

DAVISON, Justice:

This is an original action in this court wherein the City of Elk City seeks a Writ of Mandamus directing the Mayor of the City to issue a proclamation as to the result of a City election held pursuant to Art. 10, § 35, of the Oklahoma Constitution.

We accept original jurisdiction of the action because of the public importance of the matter and the need for an early determination of the question.

Art. 10, § 35, of the Oklahoma Constitution provides that any incorporated town and any county may issue, by and with the consent of the majority of the "qualified taxpaying voters" voting at an election, bonds for the purpose of securing and developing industry within or near the municipality, or within the county, and pay the bonds by levying a special tax, in a total amount not to exceed five mills on the dollar, "in addition to the legal rate permitted," on real and personal property. In addition to other directions therein, it is provided, § 35(f), that the result of the election shall be proclaimed by the Mayor, and the result as proclaimed shall be conclusive, unless attacked in the courts within thirty days after the date of the proclamation.

The City held an election on the proposition of issuing such bonds at which all "qualified voters" were allowed to vote, and the proposition was approved by a legal majority. The Mayor refuses to issue the proclamation on the ground the Constitution restricts voters to "qualified taxpaying voters," whereas all "qualified voters" were permitted to vote, and that his proclamation would result in needless expense and legal problems as to the validity of the bonds.

In Settle v. Board of Co. Com'rs of Muskogee, (1969) Okl., 462 P.2d 646, we upheld the constitutionality of the "qualified taxpaying voters" provision in Art. 10, Sec. 35, as against the charge that it violated the Equal Protection Clause in the Fourteenth Amendment to the United States Constitution. Also in Settle v. City of Muskogee (1969), Okl. 462 P.2d 642, we held constitutional the "qualified property taxpaying voters" provision in Art. 10, § 27, Oklahoma Constitution as against the same charge.

Subsequent to our decisions in the Settle cases, the United States Supreme Court decided City of Phoenix v. Kolodziejski (1970) 399 U.S. 204, 90 S.Ct. 1990, 26 L. Ed.2d 523. Thereafter, and as a consequence of the decision in the Phoenix case, we decided City of Spencer v. Rayburn (1971) 483 P.2d 735, in which we held the provision of Art. 10 § 27, of the Oklahoma Constitution governing city bond elections was inoperable insofar as it requires that only property taxpayers be permitted to vote in bond elections to approve issuance of general obligation bonds as therein provided.

The latest decision by the United States Supreme Court appears to be Hill, Attorney General of Texas v. Stone, —— U.S.

—, 95 S.Ct. 1637, 44 L.Ed.2d 172 petition for rehearing denied and mandate issued June 16, 1975, not officially reported. In that case the court held that in bond elections the requirement of the Texas Constitution that the franchise be limited to qualified voters who own taxable property in the election district, and the implementing statute imposing the same condition plus the added requirement that in order to qualify for voting a resident must have rendered his property for taxation, were in violation of the Equal Protection Clause of the Fourteenth Amendment.

In Kramer v. Union Free School District No. 15, (1969) 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583, the New York statute restricted voting in a school board election to persons owning or leasing taxable real estate, or who had children in school. The court said reasonable voting requirements as to age, citizenship and residency were acceptable, but additional limitations should receive rigid examination. The decision held the limitations excluded persons having an actual and real interest in school board affairs, and was violative of the Equal Protection Clause.

In Cipriano v. Houma, (1969) 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647, the court declared invalid a Louisiana statute restricting voting to "property taxpayers" in a revenue bond issue for financing improvement of a City Utility system.

And in City of Phoenix v. Kolodziejski, supra, the court held unconstitutional the Arizona constitutional and statutory provisions limiting voting to otherwise qualified voters who were real property taxpayers, in a general obligation bond issue election to finance various municipal improvements. The court held the differences between the interests of property owners and non-property owners were not sufficiently substantial to justify excluding the latter from voting.

■ These decisions force us to the conclusion that the provision in Art. 10, § 35, of the Oklahoma Constitution, limiting the franchise to "taxpaying" voters of the municipality or county, voting at an election for the purposes therein described, violates the Equal Protection Clause of the Fourteenth Amendment and is unconstitutional. The otherwise qualified voters do not have to also be taxpayers. Our holding in Settle v. Board of Co. Com'rs of Muskogee, Okl., 462 P.2d 646, to the contrary, is hereby overruled.

■ It is our opinion that the above provision ("taxpaying") in Art. 10, § 35, is severable from the other provisions thereof, and that our holding, supra, should have no effect whatsoever in nullifying or limiting any of the other provisions therein. City of Spencer v. Rayburn, supra.

■ Our ruling herein shall not have any retroactive effect and shall apply prospectively only.

■ It is our conclusion that under the above authorities the City is entitled to the Writ of Mandamus.

Writ granted.

All Justices Concur.