EDWARD LUTGEN v. BOARD OF COUNTY COMMISSIONERS OF
STEARNS COUNTY.[1]

December 21, 1906.

Nos. 14,967—(87).

**Highway—Posting Notice.**

G. S. 1894, § 1030, providing for the posting of notices for the laying
out of county roads and for the designation of the places for the posting
of such notices, is to be reasonably construed so as to effectuate the obvi-
ous purpose of the legislature to provide effective means of securing the
posting of the notices at public places.

**Same—Jurisdiction.**

Where two notices were posted in strict conformity with statutory re-
quirements, and the third, because no post had been provided for by the
supervisors until a later period, was posted at a public place, in the or-
dinary acceptation of the term, which had been previously designated and
used for posting notices, but which was not then a statutory place for
posting, it is *held* that this irregularity did not deprive the county board
of jurisdiction.

**Same—Affidavit.**

An affidavit which set forth that such third notice had been posted upon
the elm tree, near a designated schoolhouse, which was one of the most
public places in the township, is *held* sufficient in view of the recital of
jurisdictional facts in the order of the board of county commissioners.

Appeal by defendant from an order of the district court for Stearns
county, Baxter, J., denying a motion for a new trial. Reversed.

*J. B. Himsl*, County Attorney, and *Reynolds & Roeser*, for appellant.
*Bruener & Klasen*, for respondent.

JAGGARD, J.

The principal point presented by this appeal is that the notice of
hearing of the petition for the laying out of a certain county road had
not been properly posted, and that the affidavit of posting was in-
sufficient.

The respondent, a voter, a landowner, and a taxpayer, moved the
trial court for an order reversing the determination of the county

[1]Reported in 110 N. W. 1.

board laying out the highway in question, on the ground that, for these reasons, the board had not acquired jurisdiction to lay out the road. The trial court granted that motion. The board of county commissioners, the appellant herein, moved for a new trial. From an order denying that motion, this appeal was taken.

Section 1030 of the General Statutes of 1894 was as follows:

> Public places to be designated. Posts.—At the annual town meeting in each year, the legal voters present at each meeting shall determine and designate three places in the town as public or the most public places of such town, and that all legal notices required to be posted in three public, or the most public places of a town, shall be posted up at such places at least, and they shall make provision for the erection and maintenance of suitable posts on which to post up notices [as] aforesaid in all places so designated, in which there is no sufficient natural convenience for that purpose.

It is conceded for present purposes that this section applied to the posting of the notices here involved. In fact, the notices were posted at two such places. Controversy arises as to the place of posting the third notice. That notice was posted at a time, March 24, 1905, when no guidepost had been erected at the designated place. The town meeting had required that such post should be erected not later than June 1 of that year. In consequence the notice was posted on an elm tree, near a named schoolhouse, in the proper county. That place had been previously designated as one of the public places for posting notices by a prior town meeting, and had been so used for some time prior to 1905, and was covered with notices. It was a "public place" in the usual acceptance of the term.

The posting in question was then clearly sufficient, unless the new designation immediately abolished the old place of posting, whether there was the statutory post or not. If this were true, then there would be a period in which it would be impossible to have proceeded under the statute authorizing the laying out of the highway. It would be unreasonable to give to section 1030 the effect of suspending the operation of the General Statutes as to highways for such period. Such construction might result in putting it in the power of the voters at a

town meeting to repeal, in effect, the general provisions of the statute by naming no such places, or an insufficient number, of them. The statute as to notices is to be reasonably construed so as to effectuate the obvious purpose of the legislature of providing effective means of securing the posting of notices at public places. In accordance with this general principle, courts generally have recognized that mere irregularities in such posting do not deprive of jurisdiction. Wright v. Commissioners, 145 Ill. 48, 33 N. E. 877; Drew v. Gant, 1 Ore. 197; People v. Township, 2 Mich. 187; Territory v. Lannon, 9 Mont. 1, 22 Pac. 495; Com. v. Sullivan, 165 Mass. 184, 42 N. E. 566.

Where the voters of the town have failed to specify the places at which notices shall be posted or to provide the statutory facilities, a notice is sufficiently given if the posting be in substantial compliance or in compliance as far as possible under the circumstances and in good faith, so that as a result the notices have been posted in proper public places.

We are of opinion that there was no merit to the objection as to the insufficiency of the affidavit. Among other things, that affidavit set forth that one copy had been posted "upon an elm tree near the school-house," then described. In Powell v. Hardy, 89 Minn. 229, 94 N. W. 682, this court held that proof of the publication of a notice of sale in a chattel mortgage foreclosure "at or near" a named house was insufficient. The majority of the court was of the opinion that a notice in such a sale should be strictly complied with. "It is therefore held that the proof of posting is indefinite, in that it does not state that the places of posting were public places."

In the case at bar the affidavit is much more definite. It expressly states that this was one "of the most public places in the township." Moreover, the order of the board of county commissioners expressly recites such jurisdictional facts consistent with that affidavit as to give the court prima facie jurisdiction. The notice having been adequately posted and the affidavit being sufficient, the trial court was in error.

Order reversed.