**ONION v. MORELAND et al.**

No. 9872.

Court of Civil Appeals of Texas. San Antonio.

Oct. 21, 1936.

Pfeiffer & Sanders, of San Antonio, for appellant.

Dickson & Huck and Hicks, Dickson & Lange, all of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Beulah Williamson Moreland against John F. Onion, Esq., and his wife, Harriet Onion, seeking to recover the balance due upon a certain deed of trust note in the principal sum of $3,750, dated July 1, 1931, bearing 8 per cent. interest, payable semiannually, containing the usual acceleration clause, due three years after its date, executed by John F. Onion and wife, and payable to the order of Beulah Williamson, who is now Mrs. Moreland.

Onion and wife filed a cross-action alleging that a trustee's sale of a certain house and lot located on Mulberry street in the city of San Antonio, for the sum of $1,000, was void because notices had not been properly posted, as required by law, because of inadequacy of consideration, and for the further reason that Mrs. Moreland had waived her option under the acceleration clause to mature the debt, because she had accepted an assignment of all rents and revenues derived from the property. The property had been mortgaged by means of a deed of trust to secure the payment of the note sued on herein.

The cause was submitted to a jury upon one special issue which interrogated the jury as to the cash market value of the house and lot on the date of the trustee's sale thereof, which took place on June 5, 1934; to which question the jury answered, $3,600.

Judgment was entered below in favor of Beulah Williamson Moreland against John F. Onion in the sum of $3,726.12, together with interest, from which judgment he has prosecuted this appeal.

Appellant, Onion, contends that he was entitled to judgment on his cross-action setting aside the trustee's sale of the lot and house, for the reasons hereinbefore stated.

█ We will first consider the question of the posting of the notices of the trustee's sale. Two of these notices were posted upon the front wall of filling stations. These notices could be seen from the highway, but could not be read without going into the filling stations. Both of these filling stations were being operated and, of course, there was an implied invitation to the public to come into such stations for the purpose of buying gasoline, oil, and securing other services offered by service stations generally. There was no obstruction between the highway and the stations. We conclude that the front walls of these filling stations were public places and notices there posted meet the requirements of the law (article 3810, R.S.1925) that such notices be posted in public places. 46 C.J. p. 560, § 74.

The next question raised is whether the execution of the contract assigning all rents and revenues derived from the mortgaged premises should be construed as a waiver on the part of appellee, Beulah Williamson Moreland, of her option to declare the entire indebtedness due, for failure to pay semiannual installments of interest or taxes, under the acceleration clause contained in the deed of trust.

Appellant, Onion, met the semiannual interest payments of $150, as they came due, until July 1, 1933, when he defaulted in the payment due on that date. At the request of appellee he executed the following assignment of all rents to be derived from the mortgaged property, to wit:

"State of Texas, County of Bexar

"Whereas, the undersigned is indebted to Beulah Mae Moreland, formerly Beulah Mae Williamson, in the sum of Thirty-seven Hundred and Fifty ($3750.00) Dol-

lars, evidenced by a note dated June 1, 1931, and due Three (3) years after its date, bearing interest from its date until paid at the rate of Eight per cent (8%) per annum, interest due semi-annually, being secured by a deed of trust lien on the East Forty-five (45) feet of Lot No. Twelve (12), New City Block Seventeen Hundred and Ninety-nine (1799), City of San Antonio, Bexar County, Texas.

"And, whereas, default has been made in the installment of interest due June 1, 1933, and the city taxes for the fiscal year of 1933 have not been paid.

"And, whereas, said property above described is now occupied by a tenant, but proceedings have been instituted to dispossess said tenant.

"Now, therefore, I do hereby agree to dispossess said tenant and rent the property above described to some reliable tenant for the sum of Forty-five ($45.00) Dollars per month, or such sum as can be obtained, and do hereby assign any and all rents to be collected on said property until all past due interest on said note for Thirty-seven Hundred and Fifty ($3750.00) Dollars is paid, and all taxes, State, County, and City, are paid on said property, and I do hereby authorize the said Beulah Mae Moreland, or her agent, to collect said rent from any tenant in possession of said property until said all past-due interest and taxes are paid.

"It is agreed and understood that the right of the holder of said note to mature the same upon default in the payment of said installment of interest is not waived by this assignment unless said property is rented and the rent is paid.

"This assignment to continue in force and effect as long as any interest is due and payable on said note, or any taxes unpaid.

"Witness my hand, this the 1st day of August, A. D. 1933.

"John F. Onion."

The deed of trust executed by appellant contained the following provision: "In the event the hereinabove described property becomes vacant, the trustee herein, or the substitute trustee herein provided for, may (at the request of the holder of the whole or any part of said indebtedness hereby secured, which request is hereby presumed), take possession of said property and rent same and such rental, less any proper and reasonable cost and expense of collection, shall be applied as a credit on the indebtedness hereby secured."

It is clear that under this provision the appellee had authority to take possession of the premises through the trustee, or substitute trustee, in the event the house became vacant. Here we find the house occupied but the rent not being paid. Appellant simply agreed to put this tenant out and secure another, and, in view of his default, to permit appellee to collect all rents. This assignment went very little further than the original mortgage did in giving rights to appellee. The assignment itself contained a provision with reference to whether it is to be treated as a waiver of the acceleration clause. It plainly states that it is not to be considered as a waiver of the right of acceleration by reason of default in said installment of interest, unless the property is rented and the rent is paid. The said installment referred to is the installment which came due July 1, 1933. The evidence shows that the premises were not rented and the rent was not paid. We therefore conclude that this assignment should not be construed as a waiver of the acceleration clause and especially as to the default made in interest installment which fell due on January 1, 1934. At the time of the trial, in May, 1935, the entire amount of the note was, by its own terms, due and no tender of payment of any part of the same was made into court.

This brings us to a consideration of the inadequacy of the consideration paid for the property at the sale by the substitute trustee. Witnesses testified that the property had a cash market value of as high as $5,600, while it was sold for $1,000. The inadequacy of the consideration paid, standing alone, is not sufficient to set aside a sale by a trustee, under power given him in a deed of trust. 29 Tex.Jur. p. 992, § 148; Gandy v. Cameron State Bank (Tex.Civ. App.) 2 S.W.(2d) 971; Thornton v. Goodman (Tex.Com.App.) 216 S.W. 147.

Appellant complains of certain misconduct of the jury, but as the only question submitted was as to the value of the property, which finding could only have a bearing on the inadequacy of the consideration paid for the property, the conduct of the jury in arriving at their answer to this question becomes unimportant. If the jury had fixed the value of the property at the highest value testified to by the witnesses,

same would not, standing alone, have supported a judgment for appellant upon his cross-action. Thornton v. Goodman, supra.

Accordingly the judgment will be affirmed.

·BOBBITT, J., did not participate in the decision of this case.