**SCOTT v. COHEN.**

No. 9622.

Circuit Court of Appeals, Fifth Circuit.

Dec. 3, 1940.

Rehearing Denied Jan. 14, 1941.

E. T. Scott and Howard F. Saunders, both of Amarillo, Tex., for appellant.

E. L. Klett, of Lubbock, Tex., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Reid B. Scott and Aaron Cohen, defendants in a cause of action titled Cone v. Parish et al., filed cross-claims against each other. The District Court entered judgment on the cross-claims and awarded Cohen the title to an undivided one-half interest "in and to all of the oil, gas, and other minerals in and under and that may be produced from the Southeast one-fourth (SE¼) of Section No. Eight Hundred Ninety-seven (897), Block D, John H. Gibson Survey, Yoakum County, Texas." Reid B. Scott has appealed.

The record shows Annie Miller to be the common source of title. She deeded the property to L. N. Clawater who in turn conveyed it to Gus Jones by warranty deed dated December 8, 1923. Thereafter these conveyances were executed:

1. February 6, 1926, deed of trust from S. A. (Gus) Jones to Frank Howell, for the benefit of B. H. and Royce A. Oxford. Recorded February 17, 1926.

2. September 1, 1926, warranty mineral deed for one-half "the oil, gas, and other minerals in and under and that may be produced from" the property, from S. A. (Gus) Jones and wife to Aaron Cohen. Recorded September 30, 1926.

3. January 4, 1927, trustee's deed from Howell, trustee in Conveyance No. 1, to Royce A. Oxford. Recorded March 12, 1927.

4. January 4, 1927, warranty deed reserving vendor's lien from Royce A. Oxford and wife to S. A. Jones. Recorded June 14, 1927.

5. June 8, 1927, warranty deed reserving vendor's lien from S. A. Jones and wife to Tommye Jones. Recorded June 14, 1927.

6. September 9, 1927, release of vendor's lien retained in deed from Oxford to Jones, Conveyance No. 4. Recorded September 9, 1927.

7. January 12, 1929, deed of trust from Tommye Jones to C. A. Williams, for the benefit of Reid B. Scott. Recorded February 2, 1929.

8. May 6, 1930, trustee's deed from C. A. Williams, trustee in Conveyance No. 7, to Reid B. Scott. Recorded May 8, 1930.

The appellant, Scott, attacks the mineral conveyance from Jones to Cohen and contends that it is vague, indefinite, and uncertain, and insufficient to serve as a conveyance of an after-acquired title. Scott says that Conveyance No. 2 is fatally vague and indefinite because it recites: "Said land being now under an oil and gas lease, executed in favor of \* \* \*." The appellee says that there was no outstanding oil and gas lease and that the blank space was not filled in because of this fact. We do not think the conveyance to Cohen fails because of vagueness. The instrument contains every essential element of a warranty deed, and fully describes the property and the mineral interest conveyed. The deed conveys a complete undivided one-half interest in the minerals in and under the property. The conveyance is not limited and an estate in fee will be presumed where a less estate is not expressly and unequivocally declared. Gulf Production Co. v. Continental Oil Co., Tex.Sup., 132 S.W.2d 553, 563.

When Cohen took his mineral deed he took it subject to the outstanding deed of trust from Jones to Howell. When the deed of trust was foreclosed and the property sold and then reacquired by Jones, the original owner, the after-acquired title to one-half the minerals vested in Cohen. The rule in Texas is that "when one conveys land by warranty of title, or in such manner as to be estopped to dispute the title of his grantee, a title subsequently acquired to that land by the grantor will pass eo instanti to his warrantee, binding both the warrantor and his heirs and subsequent purchasers from either." Baldwin v. Root, 90 Tex. 546, 40 S.W. 3, 6. The mineral deed to Cohen was duly recorded and Scott, the subsequent purchaser of the land, had constructive notice of it. Scott took his title subject to Cohen's prior deed. The

court properly held that title to one-half the oil, gas, and other minerals was in Aaron Cohen. Caswell v. Llano Oil Company, 120 Tex. 139, 36 S.W.2d 208.

The judgment. is affirmed.