## THOMAS et al. v. MARTIN.

### No. 5481.

Court of Civil Appeals of Texas. Amarillo.

Nov. 2, 1942.

Rehearing Denied Dec. 14, 1942.

S. E. Fish, of Amarillo, for appellants.

George I. Shannon, of Amarillo, for appellee.

JACKSON, Chief Justice.

The appellee instituted this suit in the District Court of Potter County against C. M. Thomas and Lucy A. Thomas to recover the possession of certain land fully described in appellant's petition. C. M. Thomas died before the case was tried and on the suggestion of his death the court permitted appellee to proceed with the trial against the surviving defendant, Lucy A. Thomas.

Appellee alleged that he purchased the land and premises for a valuable consideration at a public sale made November 4, 1941, by the trustee after he had complied with the terms, conditions and provisions of the deed of trust and that by such purchase he became the owner of such land and was entitled to the possession of said premises; that the appellant was holding said land and refused to surrender the possession thereof.

Appellee alleged the value of the use of the property and premises and sought to recover rents.

The appellant answered by general denial and a plea of not guilty.

The case was tried before the court without the intervention of a jury and judgment was rendered decreeing appellee the premises together with a writ of possession, but he was denied rents.

Appellant attacks the validity of the sale by the trustee and the trustee's deed executed to appellee on account of the failure, as she contends, of the trustee to post notices of the sale in compliance with the provisions of the deed of trust. The provisions in the deed of trust relative to posting notices authorize and empower the trustee to sell the land at public auction to

the highest bidder for cash at the courthouse door of Potter County between the hours of ten o'clock A. M. and four o'clock P. M. on the first Tuesday in any month after having given "notice of the time, place and manner of sale by posting written notices thereof at three public places in said county, one of which shall be at the courthouse door of said county, for three consecutive weeks prior to the day of sale."

It is conceded that one of the notices was posted at the courthouse door of Potter County and one north of the City of Amarillo, both of which were in compliance with the law and the provisions of the deed of trust.

The contention is that one notice posted west of the city was not placed in a public place. The testimony, while there may be some controversy on the question, is sufficient to authorize the conclusion that the notice, the posting of which is attacked, was placed on a telephone or light wire pole erected where State Highway 66 is intersected by a public road running north and south; that the highway and public road are both paved and the pole is in the right of way about twenty feet from the paved portion of the public road and approximately thirty feet from the paved portion of the state highway; that the post is within a few feet of the fence surrounding the land occupied by the Veterans' Hospital, which consists of several large buildings and some residences occupied by the members of the medical staff and others connected with the institution. It was a fact issue for the court to determine whether or not this notice was posted in a public place.

In Hunt et al. v. Isom, 77 S.W.2d 1095, 1097, the Court of Civil Appeals at El Paso says: "The trustee, as to the posting of notices, testified that he posted three notices; one east of White Rock on the Garland road, a public highway, one on the courthouse door, and one on a pecan tree on the Fort Worth-Dallas Highway. The term 'public place,' within the meaning of a statute requiring the posting of a notice therein, is relative, 46 C.J. § 74, p. 560; 2 A.L.R. 1008, notes, and is a question partly of fact and partly of law. 2 A.L.R. 1008, supra."

The Supreme Court of Wisconsin in Town of Wilson v. City of Sheboygan, 230 Wis. 483, 283 N.W. 312, held that a telephone pole located at a private entrance to a power plant and situated within a highway where two roads intersect is a public place for posting a notice.

See also McFarlane et al. v. Whitney et al., 134 Tex. 394, 134 S.W.2d 1047.

Under the facts, we do not feel warranted in holding that there was no testimony to support the finding of the court to the effect that the notices had been posted in compliance with the deed of trust.

The judgment is affirmed.