Edna MORRISON et vir, Appellants,

v.

Merrill W. BUCKLES et al., Appellees.

No. 7111.

Court of Civil Appeals of Texas.

Amarillo.

March 19, 1962.

Clayton, Martin & Harris, Jack Hazlewood, Amarillo, for appellants.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellees.

CHAPMAN, Justice.

On April 14, 1961 appellants, Edna Morrison and Malcom Lee Morrison, filed suit in the 47th District Court of Potter County seeking an injunction restraining and enjoining appellees, Merrill W. Buckles and the City of Amarillo Animal Control Authority, from "molesting, badgering, and interfering with appellants' rights of possession and enjoyment of a boxer dog" owned by them. The actual value of the dog was alleged to be in excess of $500.00. The petition alleged appellee, Buckles, on behalf of the City of Amarillo, was threatening ex parte and unilaterally to dispose of the dog without the aid of a proper court decree and without an order of a court of competent jurisdiction vesting legal rights of possession of the dog in any of the defendants.

A temporary restraining order was issued on the petition and the case was set down for a hearing on the temporary injunction for April 21, 1961. At the hearing, while the first witness, Mr. Buckles, was on the stand it was developed by a question from the trial court to appellants' counsel that the dog was not in the City of Amarillo. The reason stated by counsel was: "We can't get him in here because they [the defendants] are going to take him, the dog, into possession and kill him," to which the court replied:

"That is something I do not believe, and there is no testimony offered here —[to witness]—do you intend to take the dog and kill him if he is brought into the City of Amarillo, without any proceedings at all—?"

The witness never answered the question and the following proceedings took place:

"Mr. Hazlewood: Let us cross examine him on that—

"The Court: Well, the dog is not here, and I have no jurisdiction of him. If you wish to submit the dog before the Court you may do so. This is purely an ancillary proceeding, and the dog is not here.

"Mr. Hazlewood: The dog is our property, and in order to protect the dog we have taken him out of town

"The Court: As long as you are trying to get me to adjudicate in advance what my actions might be, or what the rights of the City might be, it is purely a declaratory judgment, and I don't intend to render such judgment.

"Mr. Martin: All we want is a temporary order pending final trial of this cause, enjoining them from disturbing our rights in that dog."

We believe the trial court was guilty of a clear abuse of discretion in the abrupt manner in which he disposed of the case before the evidence had been developed.

Facts showing jurisdiction were asserted in the allegations of appellants' petition wherein it was alleged the actual value of the dog was in excess of $500.00. Article 5, Section 8, Vernon's Texas Constitution, Vernon's Ann.St.; Article 1906, Section 6, Vernon's Ann.Texas Civ.St. Such pleadings were sworn to so we would have to assume the jurisdictional matters would have been testified to had the court not abruptly ended the proceedings when counsel advised him the dog was out of the city temporarily for protection.

Since the court ended the hearing as he did Mr. Buckles never answered the question the court asked him as to whether he intended to take the dog and kill him "if he is brought into the City, without any proceedings at all—." Additionally, the City was not given an opportunity to make proof of any rights it may have had to possession of the dog. Its rights could only be by ordinances, which must be pleaded and proven like other facts. State ex rel. Osborn et al. v. City of McAllen et al., 91 S.W.2d 688 (Tex.Com.App.—Adopted); City of Austin v. Walton, 68 Tex. 507, 5 S.W. 70.

The only question to be determined on the hearing for temporary injunction was whether the status quo of the subject matter should have been preserved pending a trial on the merits. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549.

The case simply was not allowed to be developed from which such facts could have been determined. Accordingly, it is reversed and remanded with instructions to permit the parties to develop their testimony.