D. M. CHAMBERS, Appellant,

v.

Charles R. LEE and Emmett Frank Lee, Jr., Appellees.

No. 8540.

Court of Civil Appeals of Texas, Texarkana.

April 25, 1978.

Gary B. Hall, Dallas, for appellant.

Warren C. Lyon, Dallas, for appellees.

CORNELIUS, Chief Justice.

Appellees were the owners and holders of a vendor's lien note executed by appellant as payor and which was secured by a deed of trust covering a house and lot in Dallas County. Upon default in the payment of the note, the house and lot were sold pursuant to the power of sale contained in the deed of trust. Appellees purchased the property at the sale for the sum of $2,000.00 and then filed this suit against appellant to recover the deficiency, being the amount due on the note plus expenses and attorney's fees less the amount received from the sale. Appellant answered by general denial and also filed a counter-claim for damages. Trial was to a jury which found that appellant owed appellees certain sums for taxes, attorney's fees and trustee's fees, but that no balance was due on the note. They also found that appellees were indebted to appellant in the sum of $214.00 representing certain escrow fees. Finding the undisputed evidence to be otherwise, the trial court rendered judgment non obstante veredicto in appellees' favor for the sum of $2,978.78.

Appellant contends that he is entitled to a reversal of the judgment because the trial court erred in refusing his motions for continuance and in failing to grant a new trial on the ground of newly discovered evidence.

On the day of trial appellant filed a motion for a continuance based upon the withdrawal of his attorney and the absence of Mrs. Linda Washington, a potential witness. From statements in the briefs and matters contained in the record, it appears that appellant was represented by counsel from the time the suit was filed in November of 1975, until October 27, 1976, when his attorney notified him that he was asking the court for permission to withdraw. Permission to withdraw was granted by the court on November 12, 1976. Appellant had not secured new counsel on November 18, 1976, when the court required him to proceed to trial. As concerns the absent witness, the record reveals that she was named as purchaser in a contract of sale with appellant which covered the property in question. Appellant contended in his counter-claim for damages that appellees had tortiously interferred with Mrs. Washington's consummation of the contract of sale, and he urges that the absence of Mrs. Washington was fatal to his proof on the counter-claim.

The action of the trial court in denying a motion for continuance will not be reversed except upon a showing that the denial constituted a clear abuse of discretion. 13 Tex.Jur.2d, Continuance, Sec. 137, pp. 75, 76. If the motion for continuance does not meet the minimum requirements for such motions as prescribed by the rules of civil procedure, it will be presumed that the trial judge did not abuse his discretion in overruling it. *Watson v. Godwin,* 425 S.W.2d 424 (Tex.Civ.App. Amarillo 1968, writ ref'd n.r.e.); *Panhandle Broadcasting Company v. Cercy,* 363 S.W.2d 792 (Tex.Civ. App. Amarillo 1962, no writ); *Jinks v. Jinks,* 205 S.W.2d 816 (Tex.Civ.App. Texarkana 1947, no writ). Appellant's motion for continuance did not meet those requirements. It was not sworn to, was not supported by an affidavit, made no allegations of diligence in either seeking substitute counsel or in securing the attendance of the absent witness, and did not apprise the court of the nature or materiality of the testimony which the witness would be expected to give. See Tex.R.Civ.P. 247, 251, 252, 253. In those circumstances, the trial court did not abuse its discretion in denying the motion. Moreover, had the motion complied with the rules, facts apparent from the record would compel a conclusion that the trial judge acted within his discretion in overruling it. Although appellant's counsel was officially allowed to withdraw on November 12th, some six days prior to trial,

appellant was apprised of the termination of the representation some three weeks before the trial setting. If he could not in that time have secured counsel who could go to trial on November 18th, the exercise of reasonable diligence surely would have enabled him to prepare and file a proper authenticated motion for a delay. And, appellant knew at least as early as March of 1976, when his counter-claim was filed, that Mrs. Washington would be needed as a witness; yet no subpoena was issued nor was any attempt made to secure her testimony by other means.

Appellant's point concerning newly discovered evidence is based upon his discovery, after the trial, that one of the notices of sale had been posted on a utility pole in the town of Highland Park when the town had an ordinance prohibiting the posting of any form of advertising on, among other things, ". . . telephone or electric light poles, or other public property . . .". It is contended that, had appellant known of the ordinance and presented the same to the jury, the jury would not have found, as they did, that appellees ". . . posted proper legal notice prior to the foreclosure sale . . .". Explaining his failure to produce the ordinance at the time of trial, appellant points to the fact that in affidavits attached to their motion for summary judgment the appellees stated that the notice was posted on a bulletin board in the Highland Park Fire Station; whereas, at the trial their witness testified that the bulletin board had been removed and that the notice was posted instead on a utility pole across the street from the fire station.

■■■ A new trial based upon newly discovered evidence [1] in a civil proceeding will not be granted unless admissible evidence has been discovered after the trial; the movant was not lacking in diligence in failing to discover it sooner; the evidence is not merely cumulative or impeaching; and the evidence is of such materiality that it would, if believed, likely bring about a different verdict or finding on another trial. 4 McDonald's, Texas Civil Practice, Secs. 18.16.1, 18.16.2, 18.16.3, 18.16.4 and 18.16.5, pp. 285, et seq.

Aside from the questions of appellant's diligence and whether he was charged with constructive notice of the ordinance,[2] we believe its introduction at the trial would not and could not have altered the finding that the notices of sale were properly posted.

■■■ The deed of trust and Tex.Rev. Civ.Stat.Ann. art. 3810 [3] governing foreclosure sales provide that notices of sale shall be posted at three public places in the county where the sale is to be made, one of which shall be at the courthouse door. The term "public place" is a relative, rather than an absolute, term and is generally held to mean a place where people pass, meet or have occasion to be so that a notice posted there will be likely to meet public view and attract observation. *Thomas v. Martin,* 166 S.W.2d 934 (Tex.Civ.App. Amarillo 1942, no writ); *Hunt v. Isom,* 77 S.W.2d 1095 (Tex. Civ.App. El Paso 1935, no writ); *Montgomery v. Reorganized School District No. 1,* 339 S.W.2d 831, 90 A.L.R.2d 1201 (Mo.1960); *Lake v. Riutcel,* 249 S.W.2d 450 (Mo.1952); Annot., 90 A.L.R.2d 1210; 59 C.J.S., Mortgages, Sec. 566, p. 951. In determining what is a public place for such purpose, consideration should be given to whether the posting at that place would fulfill the purpose of giving the publicity contemplated by the nature of the notice. *Montgomery v. Reorganized School District No. 1,* supra; Annot., 90 A.L.R.2d 1210. It has frequently been held that a posting on pri-

---

1. Judicial notice will not be taken of a city ordinance. It must be proved as any other fact. *Morrison v. Buckles,* 355 S.W.2d 854 (Tex.Civ.App. Amarillo 1962, no writ); 23 Tex. Jur.2d, Evidence, Sec. 12, p. 31.

2. Highland Park, although located within Dallas County, is an incorporated town, separate and distinct from the City of Dallas, where the property in question is located.

3. Subsequent to the sale here, Article 3810 was amended to require only one notice at the courthouse door.

vate property, including specifically telephone and other utility poles, is nevertheless a posting at a public place if the location of the property otherwise meets the test of susceptibility to public travel and view. *McFarlane v. Whitney,* 134 Tex. 394, 134 S.W.2d 1047 (1940); *Thomas v. Martin,* supra; *Onion v. Moreland,* 97 S.W.2d 726 (Tex.Civ.App. San Antonio 1936, no writ); *Hunt v. Isom,* supra; *Mahon v. Buechel Sewer Construction District No. 1,* 355 S.W.2d 683 (Ky.Ct.App.1962); and other cases cited in Annot., 90 A.L.R.2d 1210.

■■■ The undisputed evidence here revealed that the telephone pole to which the notice was nailed, which was located just outside the Highland Park Fire Station,[4] was a public place and that many other public notices were posted there. In fact, it was the customary place to post notices such as those involved here. The fact that appellees may have subjected themselves to a fine for posting the notice on a telephone pole in violation of the city ordinance did not change such an obviously public place to something other than a public place.

It may be argued that, as the posting was in violation of an ordinance, it may be assumed that the city authorities would remove the notices, but such an argument would apply with equal force to a posting on an any utility pole or other private property, and it has consistently been rejected by the courts. *Mahon v. Buechel Sewer Construction District No. 1,* supra; Annot., 90 A.L.R.2d 1210, and cases there cited. If the notices are actually posted the required number of days prior to the sale, it is not essential that they remain intact and visible during every one of the intervening days. 59 C.J.S., Mortgages, Sec. 566, p. 950. The person making the sale is not required to see that the notices are kept posted, and their subsequent removal by a stranger has been held not to affect the validity of the sale. 59 C.J.S., Mortgages, Sec. 566, p. 950; *Cone v. Parrish,* 32 F.Supp. 412 (N.D.Tex. 1940), aff'd sub nom., *Scott v. Cohen,* 115 F.2d 704 (5th Cir. 1940). Indeed, in the absence of evidence to the contrary, it is

presumed that the notice, once posted, remained in place for the required time. 59 C.J.S., Mortgages, Sec. 566, p. 950; *Hotchkiss v. Darling,* 130 Cal.App. 625, 20 P.2d 343 (1933).

Appellant relies on *Topletz v. Thompson,* 342 S.W.2d 151 (Tex.Civ.App. Dallas 1960, no writ), to support his contention that the ordinance invalidated the posting, but that case is clearly distinguishable. There, the jury found that one of the notices *was not* posted in a public place. In ruling there was sufficient evidence supporting the jury finding, the court pointed to evidence that the notice was posted in a residential area zoned for single family dwellings where notices were not customarily posted and where advertisements or billboards of any kind were prohibited by ordinance. In the instant case, the evidence was undisputed that the notice was posted in a public place. We do not understand the *Topletz* case to hold that, merely because a person violates a city ordinance in posting a notice in a public place, that such place is no longer a "public place" in contemplation of the statute.

As the uncontroverted evidence in this case showed that the notice was posted at a public place as contemplated by the terms of the deed of trust and Article 3810, the trial court was correct in denying a new trial on the ground of newly discovered evidence.

Although the jury found that no balance was due appellees on the note after sale of the property, the uncontradicted evidence showed otherwise and established the amount thereof. Therefore, the trial court correctly rendered judgment non obstante veredicto in appellees' favor. The judgment is affirmed.

---

4. The city hall and fire station of Highland Park are located in the same building.