IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 11, 2003

## MARK A. MITCHELL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 87-5-793     Seth Norman, Judge**

---

**No. M2002-01500-CCA-R3-PC - Filed April 11, 2003**

---

The petitioner, Mark A. Mitchell, appeals the trial court's dismissal of his petition, which sought post-conviction relief and post-conviction DNA analysis. The single issue presented for review is whether the petition was properly dismissed. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Mark A. Mitchell, Nashville, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; and Jon P. Seaborg, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On November 30, 1987, the petitioner entered pleas of guilt to two counts of aggravated kidnapping, two counts of aggravated rape, two counts of armed robbery, and one count of aggravated assault. Sentenced under the 1982 Act, the petitioner received an effective term of 65 years. There was no appeal.

On January 24, 2002, the petitioner filed a petition for post-conviction relief alleging (1) that his pleas of guilt were neither knowingly nor voluntarily entered and that the sentence imposed was illegal; (2) that each of the two kidnapping convictions violated his constitutional rights because they were essentially incidental to the armed robbery and assault; (3) that his counsel was ineffective; (4) that the indictments were defective; and (5) that a DNA analysis would establish his innocence on each of the two aggravated rape convictions.

The trial court ordered a response by the state for determination as to whether the state had a human biological specimen available for analysis. In response to the order, the state alleged that

its original theory of guilt was based upon the petitioner's aiding and abetting a co-defendant, Cyrus Branford, who actually committed the rapes. The state submitted that the petitioner did not have sexual contact with the victim and that a DNA analysis would be irrelevant.

In its order of dismissal, the trial court concluded that the petitioner's request for post-conviction relief was barred by the statute of limitations. As to the request for a DNA analysis, the trial court concluded that because the petitioner had pled guilty to the crimes and because the theory of the state was that the petitioner had aided and abetted in the offense and not actually participated in the rape of the victim, an analysis was not warranted.

In this pro se appeal, the petitioner does not address the statute of limitations issue but continues to assert that none of his pleas were knowingly or voluntarily made, that the kidnapping convictions violated constitutional principles, that trial counsel was ineffective, and that the convictions and sentences were illegal, warranting relief. Based upon the state's admission that he was not the actual rapist, the petitioner argues that both aggravated rape convictions should be "automatically" dismissed as a part of his claim for a DNA analysis.

The original Post-Conviction Procedure Act of 1967 did not include a statute of limitations. On July 1, 1986, over one year before the petitioner's convictions, the General Assembly established a three-year statute of limitations. See Tenn. Code Ann. § 40-30-102 (repealed 1995). In 1995, our legislature adopted the new Post-Conviction Procedure Act, which is applicable to all petitions filed after May 10, 1995. The most recent act reduced the statute of limitations to one year:

> (a) Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. . . . Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Tenn. Code Ann. § 40-30-202(a).

Under Tennessee Code Annotated section 40-30-202(b), courts may not consider a petition for post-conviction relief if it is filed outside the one-year statute of limitations unless:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial, if retrospective application of that right is required. . . .;

-2-

(2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . .

Tenn. Code Ann. § 40-30-202(b).

By our calculation, the petitioner had three years from the date his judgments of conviction became final within which to file a petition for post-conviction relief. Because the petitioner waited more than 15 years from that date, the petition was untimely. Further, the constitutional claims of the petitioner do not fall within any of the recognized exceptions to the statute of limitations. See Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). In Sands v. State, 903 S.W.2d 297 (Tenn. 1995), our supreme court ruled that the statute of limitations could not be extended except in limited circumstances. In making a determination as to whether the statute of limitations should be extended, trial courts are required to (1) ascertain when the limitations period would have begun; (2) ascertain whether the grounds for relief actually arose after the limitations period would have commenced; and (3) if the grounds qualify as "later arising," "determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim." Id. at 301. "In making this final determination, courts should carefully weigh the petitioner's liberty interest in 'collaterally attacking constitutional violations occurring during the conviction process,' against the State's interest in preventing the litigation of 'stale and fraudulent claims.'" Id. (citations omitted) (quoting Burford, 845 S.W.2d at 207-08). In this instance, the statute of limitations had expired as to each claim and there was no deprivation of due process as to any of the three constitutional claims presented. Thus, any claim that the petitioner did not knowingly or voluntarily enter his pleas of guilt, any claim of ineffective assistance of counsel as to any of the offenses, and any claim of deprivation of due process as to the kidnapping convictions under State v. Anthony, 817 S.W.2d 299 (Tenn. 1991) (holding that a kidnapping conviction based upon confinement which was essentially incidental to an armed robbery and which did not increase the risk of harm to the victim violated principles of due process), are barred.

The petitioner also claims that his sentences for aggravated rape were illegal because the indictment was not accurate. He contends that he should have been sentenced as a Range I offender and submits that an illegal sentence can be challenged at any time. See State v. Burkhart, 566 S.W.2d 71, 873 (Tenn. 1978). While an illegal sentence may indeed be corrected at any time, even after the judgment has become final, it is not apparent from the judgments in this case that the sentences were illegal or that the trial court lacked jurisdiction to impose the sentence. See id.

By the terms of the Post-Conviction DNA Analysis Act of 2001,

a person convicted of and sentenced for the commission of first degree murder, second degree murder, aggravated rape, rape, aggravated sexual battery or rape of a child, the attempted commission of any of these offenses, any lesser included offense of these offenses, or, at the discretion of the trial judge, any other offense, may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-403. There is no statute of limitation. Id. After affording the prosecution an "opportunity to respond," trial courts are obligated to order an analysis under the following circumstances:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
> (2) The evidence is still in existence and in such condition that DNA analysis may be conducted;
> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-404.

In this instance, the petitioner initially proclaimed that he would be "cleared" by DNA analysis. After the response by the state, the petitioner argued that each of the two aggravated rape convictions should be set aside because the state had acknowledged that he was not the actual rapist.

Several states other than Tennessee have adopted statutes providing for post-conviction DNA analysis[1] and there are reported cases interpreting those statutes in Illinois, Florida, and Texas. See Zollman v. State, 820 So.2d 1059 (Fla. Dist. Ct. App. 2002); People v. Stevens, 733 N.E.2d 1283, 1285-86 (Ill. App. Ct. 2000), appeal denied, 755 N.E.2d 482 (Ill. 2001); Rivera v. State, 89 S.W.3d 55 (Tex. Crim. App. 2002). Currently, there are only two cases interpreting the Tennessee Act. See Reginol L. Waters v. State, No. M2002-01712-CCA-R3-CO (Tenn. Crim. App., at Nashville, Mar. 14, 2003); Shaun Lamont Hereford v. State, No. E2002-01222-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Nov. 13, 2002).

---

[1]Arizona, Arkansas, California, Delaware, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maine, Maryland, Michigan, Minnesota, Missouri, Nebraska, New Jersey, New Mexico, North Carolina, Oklahoma, Pennsylvania, Rhode Island, Texas, and Utah have adopted post-conviction DNA analysis statutes.

In <u>Shaun Lamont Hereford</u>, the trial court summarily denied post-conviction DNA analysis, concluding that the petitioner had failed to state any factual basis for his claim. The trial court specifically found that because many of Hereford's convictions were based upon guilty pleas and stipulated facts, no relief was warranted. This court determined that the trial court, under these particular circumstances, did not abuse its discretion by dismissing Hereford's claim. This case is similar in that the petitioner's convictions were based upon guilty pleas and stipulated facts and that five of the offenses fall within the "discretionary class" of offenses eligible for testing. <u>See</u> Tenn. Code Ann. § 40-30-403. The petitioner's convictions for aggravated rape are among those offenses for which an analysis is required under the terms of the 2001 act. <u>See</u> Tenn. Code Ann. § 40-30-403.

Resolution of the issues presented here depend primarily upon our interpretation of the terms of the 2001 Act. The cardinal rule of statutory construction is to effectuate legislative intent; all rules of interpretation are to that end. <u>Browder v. Morris</u>, 975 S.W.2d 308, 311 (Tenn. 1998). The meaning of a statute is to be determined not from specific words in a single sentence or section but from the act in its entirety in light of the general purpose of the legislation; any interpretations should express the intent and purpose of the legislation. <u>National Gas Distrib., Inc. v. State</u>, 804 S.W.2d 66, 67 (Tenn. 1991); <u>Loftin v. Langsdon</u>, 813 S.W.2d 475, 478-79 (Tenn. Ct. App. 1991). Statutes are to be construed with reference to pre-existing law and do not change such law further than the express terms or the necessary implications. <u>Harman v. Moore's Quality Snack Foods, Inc.</u>, 815 S.W.2d 519, 523 (Tenn. Ct. App. 1991).

Our relatively new act authorizing DNA analysis provides an additional method of relief to those who assert that they have been wrongfully convicted of a crime. Trial courts, practically speaking, must be afforded considerable discretion in their determinations. Consequently, the scope of appellate review is limited. In our view, the terms of the 2001 act require that trial courts consider the evidence at trial and/or any stipulations of fact by the petitioner or his counsel and the state. In addition, the opinions of this court on either the direct appeal of the conviction or the appeals in any previous post-conviction or habeas corpus actions may provide some assistance. These sources provide the essential facts of the crime at issue and may be helpful to trial courts in their assessment of the merits of any claim.

Here, the record established that the petitioner entered guilty pleas to each of the seven offenses in 1987. Because the theory of the state was that the petitioner had aided and abetted in the rapes but was not the actual rapist, the trial court determined that the results of any subsequent DNA analysis would be irrelevant. In our view, the trial court did not abuse its discretion by determining that there was no "reasonable probability . . . that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis." Tenn. Code Ann. § 40-30-404(1) (Supp. 2002). The obvious absence of any of the statutory criteria is fatal to the petition.

Because the petitioner was unable to establish any basis for relief under either the Post-Conviction Procedure Act or the Post-Conviction DNA Analysis Act, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE